UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WARSAW ORTHOPEDIC, INC., et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:18-CV-437 JD |
| | ) |
| RICK C. SASSO, M.D., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This case is an offshoot of a long-running licensing dispute between Dr. Rick Sasso and Medtronic.[1] Dr. Sasso licensed to Medtronic certain inventions used in spinal surgeries, for which he also received patents. A dispute later arose over the scope and duration of the licensing agreements. Dr. Sasso sued Medtronic in August 2013 in state court, seeking damages for breach of an agreement referred to as the "Vertex Agreement." Medtronic removed the action to federal court, contending that the claim fell within the federal courts' exclusive jurisdiction over patent claims. 28 U.S.C. § 1338. Though the claim itself was for breach of a licensing agreement, Medtronic argued that the claim depended on the scope of the patent covering the invention, so it actually arose under federal patent law. Judge Miller disagreed and remanded the action to state court.[2] *Sasso v. Warsaw Orthopedic, Inc.*, No. 3:13-cv-1031 (N.D. Ind. Apr. 2, 2014).

---

[1] The plaintiffs here are actually three separate entities, but the parties refer to them collectively as Medtronic and do not otherwise distinguish between them. The Court likewise refers only to Medtronic.

[2] That decision is not res judicata as to whether jurisdiction exists in this case. First, Medtronic's claim in this case addresses only the Facet Screw Agreement, which was not at issue in that case. Second, an unappealable ruling is not res judicata, and an order remanding a case to state court for lack of jurisdiction is not appealable. *Health Cost Controls of Ill., Inc. v. Washington*, 187 F.3d 703, 709 (7th Cir. 1999).

After remand, Dr. Sasso filed an amended complaint in June 2014, asserting an additional claim for breach of a separate agreement, which Medtronic refers to as the "Facet Screw Agreement." Medtronic did not try to remove the case again, but it argued to the state court that the claims fell within the federal courts' exclusive jurisdiction, thus depriving the state court of jurisdiction. The state court disagreed and declined to dismiss the case. Litigation thus continued for years in state court.

Shortly before trial was scheduled to commence in November 2018, Medtronic filed this action in federal court.[3] Medtronic seeks a declaratory judgment that it did not breach the Facet Screw Agreement, on the basis that the patents related to that agreement are invalid and do not cover any of Medtronic's products. Medtronic forthrightly characterizes this claim as the mirror image of Dr. Sasso's claim for damages under that same agreement in state court. (Medtronic's claims in this action do not address the Vertex Agreement, which the federal and state courts have already held do not support federal jurisdiction.)

Dr. Sasso responded by moving to dismiss or stay this action. He argued that Medtronic's claim does not support federal jurisdiction, that it is barred by the *Rooker–Feldman* doctrine, and that the Court should abstain under *Colorado River*. Medtronic disagreed on all counts. In the meantime, the state court held a month-long trial, at the conclusion of which the jury returned a verdict in favor of Dr. Sasso as to both agreements. It awarded damages of over $112 million— over $32 million on the Vertex Agreement, and nearly $80 million on the Facet Screw

---

[3] Medtronic also turned to the United States Patent and Trademark Office and took the unusual position that its own patents are invalid. In response, the patent office apparently invalidated the patents in relevant part. That action is not relevant here, but it could call into question whether any patent issues are "substantial" in the sense required to invoke federal patent jurisdiction. *See Gunn v. Minton*, 568 U.S. 251, 260 (2013) (holding that "substantial" refers to "the importance of the issue to the federal system as a whole," not its role in the immediate case).

Agreement—and the state court entered judgment accordingly. Dr. Sasso then requested permission in this case to file supplemental briefs to argue that this action is barred by res judicata now that judgment has been entered in state court. The Court granted that permission, and directed the parties to address another issue as well: whether the Court should exercise its discretion to entertain this action under the Declaratory Judgment Act, which permits but does not require courts to enter declaratory judgments. [DE 27 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) and *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942))].

Having considered all of the parties' filings, the Court concludes that dismissal is appropriate under *Wilton* and *Brillhart*, as a declaratory judgment would serve no legitimate purpose here. Initially, the Court notes that it has the authority to reach that issue without first addressing the question of whether Medtronic's claim invokes federal jurisdiction. Subject matter jurisdiction is typically a threshold issue, as it concerns a court's authority to hear a case. Courts thus cannot assume the presence of jurisdiction in order to decide a case on the merits, even if that would promote judicial economy. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101–02 (1998). That does not mean, however, "that a federal court must consider subject matter jurisdiction over all other threshold matters." *Meyers v. Oneida Tribe of Indiana of Wis.*, 836 F.3d 818, 821 (7th Cir. 2016). "To the contrary, 'a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Id.* (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)); *see also Washington v. Sevier*, 717 F. App'x 622, 623 (7th Cir. 2018) ("[T]here is no priority among non-merits-based reasons for dismissing a case."); *Kromrey v. U.S. Dep't of Justice*, 423 F. App'x 624, 626 (7th Cir. 2011) ("There is no priority among grounds for *not* addressing the merits; thus

a district judge may with equal propriety dismiss a suit for lack of subject-matter jurisdiction, lack of personal jurisdiction, or improper venue.").

Because abstaining under *Wilton* and *Brillhart* means the Court does not reach the merits of Medtronic's claim, the Court has the authority to rule on that basis without first addressing subject matter jurisdiction. *Meyers*, 836 F.3d at 823 ("[T]here are numerous circumstances in which a court appropriately accords priority to a non-merits threshold inquiry other than subject matter jurisdiction, such as pendent jurisdiction, forum non conveniens, abstention, and others."). That approach is particularly appropriate here. As discussed below, Medtronic filed this action in large part to collaterally attack the state court's orders, and to use an opinion from this Court to try to convince the state courts that they lack jurisdiction. Instead of taking that bait, the Court confines its analysis to the discretion provided by the Declaratory Judgment Act, assuming but not deciding that jurisdiction exists.

Under the Declaratory Judgment Act, a court "*may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The Declaratory Judgment Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286. The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Id.* at 287 (quotation omitted). "[T]he propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teaching and experience concerning the functions and extent of federal judicial power." *Id.* (quotation omitted); *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010) ("Under what is known as the *Wilton/Brillhart* abstention doctrine,

district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." (quotation omitted)).

Here, there is no purpose to be served by the declaratory judgment Medtronic seeks, at least at this time. Medtronic is asking for a declaratory judgment that it did not breach the Facet Screw Agreement and does not owe Dr. Sasso any damages. But the state court has already entered judgment in Dr. Sasso's favor on that claim. No order or judgment of this Court can undo that judgment—only the Indiana courts of appeals and the United States Supreme Court have authority to review that judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005). Similarly, Medtronic would not stand to benefit from the declaratory judgment it seeks. *See BP Chemicals Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 981 (Fed. Cir. 1993) ("A court may decline to exercise declaratory judgment jurisdiction if it would not afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."), *abrogated on other grounds by MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007). Even if this Court found that it had jurisdiction and held that Medtronic was not liable on Dr. Sasso's claim, that would not change the fact that the state court has entered judgment against Medtronic. Medtronic will be bound by that judgment unless and until the judgment is vacated by the state courts or the United States Supreme Court.

Medtronic surely understands that, yet it never articulates what purpose would be served by a declaratory judgment, leading to the conclusion that it is seeking a declaratory judgment solely because it believes an order in its favor in this Court would strengthen its hand in the state courts. That is plainly not the purpose of the Declaratory Judgment Act. *See EMC Corp. v. Norand Corp.*, 89 F.3d 807, 814–15 (Fed. Cir. 1996) (explaining that the purpose of declaratory judgments in patent cases is to prevent parties from being coerced by threats of litigation with no

ability determine their rights, noting that the Act frees competitors from the "*in terrorem* choice between the incurrence of a growing potential liability for patent infringement and abandonment of their enterprises"); *Ford Motor Co. v. United States*, 811 F.3d 1371, 1378 (Fed. Cir. 2016) ("Trial courts must determine whether hearing the case would serve the objectives for which the Declaratory Judgment Act was created, namely, allowing a party who is reasonably at legal risk because of an unresolved legal dispute to obtain judicial resolution of that dispute without having to await the commencement of legal action by the other side." (quotation and alterations omitted)). Medtronic's quest for a more sympathetic ear for its arguments, or for an advisory opinion for use in another court, does not justify a declaratory judgment action.

Of course, it is possible that the state judgment will be vacated at some point. Medtronic has vowed to appeal, and perhaps it will convince the appellate courts that the state court lacked jurisdiction over Dr. Sasso's claims.[4] If that happens, though, the case before this Court would no longer be only a declaratory judgment action; Dr. Sasso would be seeking damages as well. If the parties return to federal court at that time, the Court can evaluate its own jurisdiction and proceed to the merits if appropriate. Until then, there is no use in proceeding with a declaratory judgment action.

In opposing abstention, Medtronic relies almost entirely on its argument that a court has no authority to abstain from hearing a claim that is within its exclusive jurisdiction. The Court disagrees. The cases Medtronic cites for that proposition were not addressing *Wilton–Brillhart* abstention, but *Colorado River* abstention—a distinct doctrine that is not analogous. *Colorado River* abstention is a judge-made doctrine that created a very narrow exception to the general rule

---

[4] It is also possible that the appellate courts will reject Medtronic's jurisdictional argument but rule in its favor on the merits.

that courts have a "'virtually unflagging obligation' to exercise the jurisdiction conferred on them." *Wilton*, 515 U.S. at 284. *Colorado River* permits a court to abstain in "exceptional circumstances" when parallel litigation is ongoing in state court. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818–20 (1976).

In contrast, *Wilton–Brillhart* abstention derives from the text of the Declaratory Judgment Act itself, which grants discretion by stating that district courts "may" enter declaratory judgments. *Envision*, 604 F.3d at 986. Thus, as the Supreme Court held in *Wilton*, *Colorado River* does not govern a court's discretion under the Declaratory Judgment Act. *Wilton*, 515 U.S. at 286. Medtronic's argument that courts "must" enter declaratory judgments upon request in cases over which they have exclusive jurisdiction finds no support in the text of the statute.[5] *MedImmune*, 549 U.S. at 136 ("The Declaratory Judgment Act provides that a court '*may* declare the rights and other legal relations of any interested party,' not that it *must* do so."); *see EMC Corp.*, 89 F.3d at 814 ("[S]pecial flexibility is called for in the declaratory judgment context, where 'the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" (quoting *Wilton*, 515 U.S. at 288)). In addition, unlike *Colorado River* abstention, *Wilton–Brillhart* abstention does not depend on whether another action is pending or could be brought in another forum. *Envision*, 604 F.3d at 986 ("[T]he classic example of when [*Wilton–Brillhart*] abstention is proper occurs

---

[5] The existence of exclusive federal jurisdiction can still be a relevant factor to consider in deciding whether to exercise that discretion. But given the lack of any legitimate purpose of a declaratory judgment here, as already explained, that factor does not alter the Court's conclusion. Nor is the Court abstaining because one party won a race to the courthouse. There was no race— Medtronic waited for over four years after Dr. Sasso asserted his claim in state court before filing this declaratory judgment action on the eve of trial. And unlike *Youell v. Exxon Corp.*, 74 F.3d 373 (2d Cir. 1996), there is no broader federal question of first impression that demands resolution in federal court.

7

where . . . solely declaratory relief is sought and parallel state proceedings are ongoing. That does not mean that abstention is limited to parallel proceedings."); *Teva Pharm. USA, Inc. v. EISAI Co.*, 620 F.3d 1341, 1349 (Fed. Cir. 2010), *vacated on other grounds sub nom. EISAI Co. v. Teva Pharm. USA, Inc.*, 131 S. Ct. 2991 (2011).

Moreover, courts have commonly considered *Wilton–Brillhart* abstention even in patent cases over which federal courts have exclusive jurisdiction. The Federal Circuit has acknowledged on multiple occasions that courts have discretion whether to entertain a declaratory judgment action for patent noninfringement. *Teva*, 620 F.3d at 1348–49; *Capo, Inc. v. Dioptics Med. Prods., Inc.*, 387 F.3d 1352, 1357 (Fed. Cir. 2004) (stating, in an action for a declaration of noninfringement, that "[t]here is indeed discretion in the district court with respect to declaratory actions."); *EMC Corp.*, 89 F.3d at 814–15; *see also Trost v. Bauer*, No. 01 C 2038, 2001 WL 845477 (N.D. Ill. July 24, 2001) (declining to exercise jurisdiction over a declaratory judgment action for noninfringement). Likewise, in *MedImmune*, the Supreme Court held that an "actual controversy" existed sufficient to support a declaratory judgment action by a patent licensee that sought a declaration that the patent was invalid and did not cover the licensee's product. After reaching that holding, the Supreme Court remanded the case to the lower courts with instructions to exercise discretion under *Wilton* and *Brillhart* in deciding whether to entertain the declaratory judgment action. 549 U.S. at 136. That holding is irreconcilable with Medtronic's argument that no such discretion exists.

For those reasons, the Court concludes that it has discretion to decide whether to entertain this declaratory judgment action. And since Medtronic has not identified any legitimate purpose that would be served by, or any way in which it stands to benefit from, a declaratory judgment in light of the judgment in state court, the Court declines to exercise jurisdiction. The Court

8

therefore DISMISSES this action without prejudice. The Clerk is DIRECTED to enter judgment accordingly and close the case. The pending motions—the initial motion to stay, a motion for oral argument, and two motions to supplement that addressed issues not pertinent to this analysis—are DENIED as moot. [DE 17, 20, 23, 31].

    SO ORDERED.

    ENTERED: January 31, 2019

                                              /s/ JON E. DEGUILIO
                                          Judge
                                          United States District Court